UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELDRIN L. WILLIAMS,

                Plaintiff,                Case No. 1:09-cv-839

v.                                                    Honorable Paul L. Maloney

GARY KASENOW et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff Eldrin LeRoy Williams presently is incarcerated at the Saginaw County Jail. In his amended complaint, Plaintiff sues the following Defendants: Michigan Parole Board (MPB) Administrative Law Judge Gary Kasenow; MPB Chairman Stephen Marschke; MPB Board Members Charles E. Braddock and John Rubitschun; MPB Field Investigator Tom Hirsbunner; Michigan Department of Corrections (MDOC) Director Patricia L. Caruso; and Michigan Governor Jennifer Granholm.

According to the amended complaint, Plaintiff was returned to prison in July 1998, after he pleaded guilty to certain parole violations. Plaintiff alleges that he was charged with four parole violations: (1) failure to report; (2) moving without notifying his parole officer; (3) having been charged with untried offenses; and (4) failing to attend Alcoholics Anonymous treatment. At the arraignment on the parole violation charges, Defendant Kasenow asked Plaintiff about the untried criminal charges. Plaintiff denied knowledge of any pending criminal charges. Kasenow indicated that he also had no knowledge of the offenses. Defendant Kasenow then made a plea offer, under which Plaintiff would plead guilty to counts one, two and four in exchange for Kasenow's recommendation to Defendant Marschke to dismiss count three, together with a fixed release date of December 2, 1998. Kasenow allegedly told Plaintiff that, if Marschke accepted the plea agreement, Plaintiff would be given a parole date in six months and count three would not be held against him if he was found guilty of the untried offense while on parole.

The plea agreement was accepted and signed by Defendant Braddock on August 17, 1998. Plaintiff allegedly was approved for release on December 2, 1998, but he ultimately was not

paroled. In January 1999, Plaintiff received a parole hearing, at which he was advised that the presiding MPB board member was unaware of Plaintiff's plea agreement. Plaintiff challenged his parole denial and continued to do so for the next ten years. Plaintiff claims that he filed grievances and court pleadings alleging breach of contract. According to Plaintiff, Defendant Rubitschun advised him in 2000 and 2001 that, if Plaintiff continued to fight the Parole Board, he would serve the maximum term of his sentence. Plaintiff nevertheless continued to challenge the Parole Board's refusal to comply with the plea agreement. On March 12, 2009, Plaintiff completed his maximum term. Plaintiff alleges that, on March 6, 2003, Defendant Hirsbunner, then-acting Legislative Corrections Ombudsman for the MDOC, sent him a letter acknowledging the terms of the plea agreement.

Plaintiff seeks monetary damages for the ten years he spent incarcerated after the agreed parole release date of December 1998. Plaintiff also seeks reimbursement of an unspecified amount for sums he expended on certified and other mail that was never mailed.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Failure to Comply with the Parole-Violation Plea Agreement

To the extent Plaintiff seeks declaratory or monetary relief for alleged constitutional violations caused by Defendants' failure to honor the plea agreement entered on the parole-violation charges, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been

[overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). The *Heck* Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been applied to § 1983 actions like Plaintiff's that challenge state parole revocation proceedings, in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid. *See Miskowski v. Martin*, 57 F. App'x 246, 248 (6th Cir. 2003); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996); *see also Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Plaintiff has not demonstrated the invalidity of his parole revocation by either a state or federal habeas corpus decision. Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.[1]

### B. Costs of Mailing

Plaintiff next alleges that he was charged for the costs of mailing an unspecified number of items that were never mailed. Plaintiff seeks reimbursement of those charges.

---

[1]The Court acknowledges that, because Plaintiff already has served the maximum term of the sentence underlying his parole revocation, he no longer is "in custody" for purposes of habeas corpus jurisdiction. *See Spencer*, 523 U.S. at 18 (rejecting the argument that collateral consequences flow from a parole revocation decision once the sentence on the underlying conviction has expired). Plaintiff therefore has no habeas remedy available in which to challenge the failure to comply with the parole-violation plea agreement. *See Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003) ("Plaintiffs who are no longer in prison have no habeas remedy to challenge constitutional wrongs underlying a conviction.") As the Supreme Court has recognized, however, the mere unavailability of habeas relief does not excuse the application of *Heck* to § 1983 claims that call into question the validity of a conviction. *Spencer*, 523 U.S. at 17.

Plaintiff appears to allege that he was deprived of the cost of postage without due process of law. His claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process claim. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are or were available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit

specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's complaint will be dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   November 23, 2009         /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge